**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PENNY POLOCHAK<br>341 W Kline Avenue<br>Lansford, PA 18232<br><br>Plaintiff,<br><br>v.<br><br>TOP CHOICE HOME CARE LLC<br>1854 Germantown Avenue<br>Philadelphia, PA 19122<br>and<br>SAMERA BUTLER, *individually*<br>1854 Germantown Avenue<br>Philadelphia, PA 19122<br><br>Defendants. | CIVIL ACTION<br><br>No.:____________________<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Penny Polochak ("Plaintiff") by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Top Choice Home Care LLC ("Defendant TCHC") and Samera Butler ("Defendant Butler"), collectively referred to as "Defendants," of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201, *et. seq*.) and applicable state law(s). Plaintiff asserts Defendants failed to pay her proper overtime compensation and wages and wrongfully terminated her from her employment. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

**PARTIES**

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual residing at an address as set forth in the caption.

7. Defendant TCHC is a Pennsylvania based home care agency.

8. Defendant Butler is the President and Owner of Defendant TCHC.

9. Defendant Butler lacks meaningful regard for state or federal laws, knowingly pays employees illegally, and retaliated against Plaintiff by terminating her for complaints of wage and

overtime violations. She is individually liable as to her own personal assets (not just those of her business).[1]

10. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.[2]

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. On or about May 27, 2026, Defendants hired Plaintiff as a Home Health Aide. Plaintiff was hired as a full-time employee and was to be paid an hourly rate of $13.50 per hour.

13. Plaintiff worked approximately 112 hours per week and should have earned approximately $1,998 per week (inclusive of regular and overtime compensation).

14. Defendants regularly failed to pay Plaintiff timely, continually manufactured excuses for purported mistakes in payroll as to wages or overtime owed, and to Plaintiff's knowledge, she was never paid once in a timely manner upon a payroll due date. This is explained more *infra*.

15. On or about June 22, 2026, Plaintiff was supposed to receive a paycheck from Defendants, but the money was not deposited into her account.

[1] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers, owners or and corporate officers exercising control over wages or employee compensation (or involved in terminations for protected activities) are appropriate individual defendants under the FLSA and may be held individually liable for such violations). The regulations under state law are the same (as asserted herein).

[2] Defendants appear to conceal higher-level leadership and ownership information (making very little data available); and thus, for notice purposes, Plaintiff identifies herein that she may add other individuals upon receipt of discovery for those responsible for overseeing daily, weekly and monthly compensation of Defendants (and all involved in her retaliatory termination).

16. Defendants claimed to have sent her paycheck to the wrong address and had to stop payment on it (per excuses given to Plaintiff).

17. When Plaintiff finally received her paycheck, the check would not clear into her bank account.

18. Plaintiff complained to Millie Stok ("Stok" – Coordinator Liaison) and Kamish McDonald Jones ("Jones" – Vice President of Defendant TCHC's Pocono Division) about the check. Stok and Jones told Plaintiff to take her complaint to Defendant TCHC's Payroll Department ("Payroll").

19. On or about June 25, 2026, Plaintiff then sent an email to Payroll about the issues with her paycheck.

20. That same day, on or about June 25, 2026, Plaintiff received a $1,000 payment from Defendants through Zelle. This amount did not come close to the amount Plaintiff was owed in regular **and** overtime wages.

21. Defendants informed Plaintiff she would receive the remainder of her payment later because Zelle could not process transactions larger than $1,000 at a time.

22. On or about June 26, 2026, Plaintiff filed a complaint with the Pennsylvania Department of Labor ("PA DOL") about her missing regular **and** overtime wages and Defendants' failure to pay her on time.

23. After many emails back and forth with Payroll, Plaintiff finally received the remainder of the money owed to her on or about July 1, 2026 (nine (9) days after she was supposed to be paid). It of course constitutes violations of state wage laws and the FLSA to not pay wages or overtime when due.

24. Just five (5) days later, on or about July 6, 2026, Plaintiff again did not receive her paycheck.

25. Plaintiff emailed Payroll again to complain that she was missing her paycheck. Payroll told Plaintiff it would get to her eventually.

26. Plaintiff finally received her paycheck on or about July 13, 2026, seven (7) days after she was supposed to be paid.

27. Defendants also should have paid Plaintiff $250 at the end of July 2026 as an insurance payout as it was supposed to do at the end of each month.

28. Plaintiff was supposed to be paid again on or about August 3, 2026, but she did not receive her pay until on or about August 4, 2026.

29. Thereafter, on or about August 4, 2026, Plaintiff filed a second complaint with the PA DOL because of her missing insurance payment and Defendants' repeated delay in paying her regular and overtime wages. As of August 4, 2026, Plaintiff had also made numerous verbal complaints to various staff overseeing her that she was not properly being paid wages or overtime compensation, even mentioning on several occasions it was "illegal."

30. While Plaintiff was contacting Defendants to receive the money owed to her, Defendants offered Plaintiff an additional $500 if she did not inform any agencies of Defendants' failure to pay Plaintiff timely. This was a clear indication to Plaintiff that Defendants knew their conduct was unlawful and was hoping to avoid DOL involvement.

31. Plaintiff refused to accept the $500 payment as she did not find such an offer sufficient or a meaningful resolution to her ongoing overtime violation concerns and wage violation concerns.

32. Defendants then sent Plaintiff the below email:

**From:** Top Choice Home Care <topchoicehomecare@gmail.com>
**Date:** August 11, 2026 at 3:38:51 PM EDT
**To:** Penny Polochak <pennykay2010@gmail.com>
**Cc:** Payrolldepartment@topchoicehomecarepa.com
**Subject: Re: No paycheck yet.**

Hello Penny,

We just received an email from the Department of Labor. Being as though we have an employer and employee relationship and you accepted the wait for the $500 bonus without involving other departments, we are no longer interested in working with you. It is causing an issue between us as we have an agreement for such wait and hold. To date, we will notify the coordinator, we will pay the remainder amount due to you however, we do not need the legalities as it causes more legal fees and remedies for these issues that can be fixed within our agency and yourself.

Please note that we will send the 10 day termination letter to the consumer to end on Aug 21, 2026. This gives you the most time to look and search for a new agency.

We are sorry but this puts us all in a legal position that we rather avoid and for you as well.

Thank you

33. It shocks the conscious that Defendants, an employer, memorialized in an email to Plaintiff that she was being terminated for complaining to the Department of Labor. There is no other plausible interpretation of Defendants' August 11, 2026 email to Plaintiff terminating her employment.

34. Thereafter, on or about August 20, 2026, Defendants sent Plaintiff another email rescinding the previous termination notice and making her termination effective on or about September 6, 2026 instead. In this email, Defendants promised to pay Plaintiff all wages owed until September 6, 2026.

35. However, Plaintiff should have been paid on or about August 17, 2026. To date she has not received this payment. Thus, Plaintiff is still owed both wages and unpaid overtime compensation.

36. Plaintiff was also promised a $500 sign-on bonus after working for Defendants for ninety (90) days, which would have been on or about August 25, 2026; however, she has not received this money.

37. Plaintiff also has not received the $250 insurance payment she was to receive at the end of August 2026 (per assurances and/or promises of Defendants).

38. In total, Plaintiff is missing $3,996 in regular and overtime wages from the pay date on or about August 17, 2026, a $500 sign-on bonus, and a $250 insurance payment. In total, Plaintiff is owed $4,746 (exclusive of interest and penalties). These owed wages and overtime pay are entirely separate from the fact(s) that Plaintiff had to literally advocate for herself and proverbially fight to get each paycheck in piecemeal while employed (well after due and owed).

39. Defendants have a long pattern and practice of not paying their employees in accordance with state and federal laws.

40. In or about 2016, Defendants were sued for violations of the FLSA.[3]

41. In or about 2018, Defendants were sued in a collective action for failure to pay overtime wages in violation of the FLSA.[4]

42. As recently as March 31, 2026, Defendants were sued for violations of the FLSA. This matter is still pending.[5]

43. Defendants are well aware their pay practices are not in accordance with laws, yet they continue to perpetuate the same (or worse) violations by paying their employees late or not remitting certain payments at all (which include both wages and overtime pay).

44. The concerns Plaintiff raised as aforesaid (as to unpaid regular and overtime compensation), were statutorily protected concerns under the FLSA. *See e.g. Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1 (2011) (any informal or oral complaints to management of overtime concerns are statutorily protected under the FLSA).

[3] *Bright v. Top Choice Home Care LLC*, No.: 2:16-cv-03871 (E.D.Pa. July 18, 2016).
[4] *Maldonado v. Top Choice Home Care LLC*, No. 2:18-cv-04750 (E.D.Pa. Nov. 2, 2018).
[5] *Church v. Top Choice Home Care LLC*, No.: 2:26-cv-02100 (E.D.Pa. Mar. 31, 2026).

45. Plaintiff was terminated due to her aforesaid protected activities, and she is separately owed unpaid wages (as discussed *supra*). These sums do not take into consideration automatic or mandatory liquidated damages. Plaintiff is also entitled to (separately) past and future lost wages, emotional distress, damages, and punitive damages (among other legal and equitable relief) arising out of her retaliatory termination from employment.

46. Defendant Butler is individual liable for the unlawful pay practices of Defendant TCHC.

**COUNT I**
**<u>Violations of the Fair Labor Standards Act ("FLSA")</u>**
**([1] Failure to Pay Regular and Overtime Wages; and [2] Retaliation)**
**- Against All Defendants -**

47. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48. Plaintiff has not been properly paid for all regular and overtime house she has worked.

49. Plaintiff received her paychecks late on at least three (3) occasions.

50. Plaintiff has not yet received the paycheck due and owed to her on or about August 17, 2026. This paycheck should include overtime compensation.

51. Liquidated damages should "automatically" be awarded doubling Plaintiff's unpaid overtime compensation.

52. Plaintiff also has not been paid her promised sign-on bonus and insurance payment for the month of August 2026.

53. Plaintiff complained to Defendants about her late and missing overtime pay on several occasions.

54. Defendants decided to terminate Plaintiff because she complained of late and missing regular and overtime wage payments. Plaintiff's discharge from Defendants for engaging in protected activity under the FLSA constitutes unlawful retaliation under the FLSA. *Lambert v. Ackerley,* 180 F.3d 997, 1003-05 (9th Cir.1999)(*en banc*); *Valerio v. Putnam Assocs. Inc.,* 173 F.3d 35, 44-45 (1st Cir.1999); *EEOC v. Romeo Comty. Sch.,* 976 F.2d 985, 989-90 (6th Cir.1992); *EEOC v. White & Son Enters.,* 881 F.2d 1006, 1011 (11th Cir.1989); *Brock v. Richardson,* 812 F.2d 121, 123-25 (3d Cir.1987); *Love v. RE/MAX of Am., Inc.,* 738 F.2d 383, 387 (10th Cir.1984); *Brennan v. Maxey's Yamaha, Inc.,* 513 F.2d 179, 181 (8th Cir.1975).

55. Defendants' actions as aforesaid constitute violations of the FLSA. Plaintiff therefore seeks all remedies permitted under the FLSA for unpaid overtime compensation, as well as penalties and interest.

**Count II**
**<u>Violations of the Pennsylvania Wage Payment & Collection Law ("WPCL")</u>**
**(Failure to Pay Owed Wages)**
**- Against All Defendants -**

56. Plaintiff was not paid approximately $1,080 in unpaid wages to date (separate from her unpaid overtime compensation).

57. Defendants' failure to pay Plaintiff all owed wages constitute a violation of the WPCL.

**COUNT III**
**<u>Common Law Wrongful Termination</u>**
**(Retaliation)**
**- Against All Defendants –**

58. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

59. It is clearly prohibited in this Commonwealth to terminate an employee for exercising her legal rights. *Cuthie v. J&J Material Handling Sys.*, 2011 LX 74682, *6 (M.D. Pa. 2011) (citing *Fialla-Bertani v. Pennysaver Publ'ns of Pa., Inc.*, 45 Pa. D. & C.4th 122 (C.P. 2000) (holding an employer violates public policy when it terminates an employee for bringing a legal claim against it for failure to pay wages owed)).

60. Plaintiff filed two (2) legal complaints about her missing and late regular and overtime wages with the PA DOL.

61. Defendants terminated Plaintiff explicitly because of her complaints to the PA DOL. In its email terminating Plaintiff, Defendant stated: "We just received an email from the Department of Labor….we are no longer interested in working with you…we do not need the legalities as it causes more legal fees…We are sorry but this puts us all in a legal position that we [sic] rather avoid and for you as well."

62. These actions as aforesaid constitute violations of Pennsylvania common law.

**Count IV**
**<u>Violations of the Pennsylvania Minimum Wage Act ("PMWA")</u>**
**(Failure to Pay Owed Overtime Wages)**
**- Against All Defendants -**

63. Plaintiff was not paid all overtime wages owed, as outlined throughout this lawsuit.,

64. Defendants' action of repeatedly failing to pay Plaintiff overtime timely and owning her overtime compensation as of termination constitute violations of the PMWA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, overtime, bonuses, medical and other benefits, training, promotions, pension,

and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered unlawful employment practices, retaliation, and discrimination at the hands of Defendants until the date of verdict;

B. Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
akarpf@karpf-law.com

Dated: August 28, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Penny Polochak | : | CIVIL ACTION |
| v. | : | |
| Top Choice Home Care LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 8/28/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:______________ Judge:______________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:__________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):__________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*__________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

POLOCHAK, PENNY

**(b)** County of Residence of First Listed Plaintiff: Carbon
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

TOP CHOICE HOME CARE LLC, ET AL.

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - mployment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [X] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***: FLSA (29USC201)

Brief description of cause: Violations of the FLSA and applicable state law(s).

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint: **JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE 8/28/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______